IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DAVID LUGINBUHL,

    Plaintiff,

vs.                                                                            Case No. 1: 12-cv-1199 JAP/RHS

CITY OF GALLUP; ROBERT H. CRON, JR.;
JOHN STEW ALLEN; ROSANNE MORRISETTE;
JOHN DOES 1-3; ELEVENTH JUDICIAL DISTRICT
ATTORNEY'S OFFICE, DIVISION II; KARL R. GILLSON;
JAMES E. BIERLY; and JOHN DOES 4-5m,

    Defendants.


**ORDER GRANTING IN PART AND DENYING PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER TO PREVENT DISCOVERY OF HIS SEXUAL HISTORY
OR THE SEXUAL HISTORY OF ANY WITNESSES**

THIS MATTER comes before the Court on Plaintiff's Motion for Protective Order to Prevent Discovery of His Sexual History or the Sexual History of Any Witnesses (Doc. 51). The Court has reviewed the Motion; Karl R. Gillson, Glen Bierly as Personal Representative of the Estate of James E. Bierly, and Eleventh Judicial District Attorney's Office Response to Plaintiff's Motion for Protective Order (Doc. 55); Plaintiff's Reply (Doc. 61); the Complaint (Doc. 1); Defendants' affirmative defenses (Doc. 28); and the relevant law. The Court concludes that the Motion should be granted in part and denied in part.

**BACKGROUND**

As alleged in Plaintiff's Complaint (Doc. 1), Plaintiff and his girlfriend at the time, Kristin Sanderson, had a four-minute verbal argument at Ms. Sanderson's home over the lunch hour on May 17, 2011 (Doc. 1 at 8). Ms. Sanderson discussed the argument in her workplace, the

Eleventh Judicial District Attorney's Office.  Later that same day, Plaintiff was passing by Ms. Sanderson's home and two Gallup Police Department officers, Defendant Rosanne Morrissette and Defendant Norman Bowman instructed Plaintiff to stay by a police vehicle and informed Plaintiff that he could not leave (Doc. 1 at 9).  Defendant Morrissette charged Plaintiff with five crimes and he was detained at the Gallup-McKinley County Adult Detention Center (Doc. 1 at 12). Defendant Robert H. Cron, the police chief and Plaintiff's workplace supervisor, placed Plaintiff on administrative leave the next day (Doc. 1 at 12).  Defendant Bierly, an employee of the Eleventh Judicial District Attorney's Office and a colleague of Ms. Sanderson, contacted various media outlets, which then featured Plaintiff's mugshot (Doc. 1 at 12).  Plaintiff also alleges that Defendant Karl Gillson, the district attorney, ordered Sanderson to seek a restraining order against Plaintiff (Doc. 1 at 13).  The Gallup Police Department terminated Plaintiff's employment on June 8, 2011 (Doc. 1 at 14) and has threatened to seek that Plaintiff be decertified, which affects his employment prospects (Doc. 1 at 15).

Plaintiff sued Defendants for violation of civil rights pursuant to 42 U.S.C. § 1983 related to false arrest and malicious prosecution (Count I); violations of the New Mexico Tort Claims Act (Count II); libel, slander, defamation of character (Count III); and retaliation pursuant to the New Mexico Human Rights Act (Count IV).

## RELEVANT LAW

Discovery is generally quite broad.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Parties may also ask the Court to limit discovery with a protective order.  "The court may, for good cause, issue an order to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. . . ." Fed. R. Civ. P. 26(c)

To determine if the discovery requests are reasonably calculated to lead to admissible evidence, the Court considers Evidence Rule 403.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Federal Rules of Evidence also address the admissibility of sexual behavior. However, the rule applies in cases involving alleged sexual misconduct and neither party has alleged any sexual misconduct in the pending matter.  Rule 412 is considered only as general guidance on the admissibility of sexual behavior.  Even if there were allegations of sexual misconduct in this case and a clear victim, "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition" would not be admissible.  Fed. R. Evid. 412(a).  For civil cases, there is one exception to this rule.

> In a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy.

**SPECIFIC REQUESTS**

The Motion for Protective Order is granted in part and denied in part as described here:

**Interrogatory No. 18.**   Defendants ask Plaintiff to "describe all contact you had with Kristin Sanderson after the incident in the Complaint, providing dates, times and locations, and summarize all conversations you have had with her from that time to the present time."   Plaintiff

must answer this interrogatory to the best of his abilities but may omit any description of any sexual contact with Ms. Sanderson because sexual contact is not relevant to any claim or defense. Furthermore, good cause exists to limit discovery of a sexual relationship that is not the basis for Plaintiff's Complaint.

**Request No. 1.** Plaintiff is asked to admit that he was in a sexual relationship with Kristin Sanderson during 2012. Plaintiff does not need to respond to any requests specific to sexual activity because sexual activity is not relevant to the claims or defenses in this case. Even if it were relevant, the Court concludes that good cause exists to limit discovery on an individual's sexual history. Defendant may modify Request No. 1 to state, "Admit that you were in a personal, intimate relationship with Kristin Sanderson during 2012," and re-serve it upon Plaintiff.

**Request Nos. 2 & 3.** Defendants request that Plaintiff admit that he was aware that Ms. Sanderson was having sexual relationships with other men during the time Plaintiff was involved with her. Defendants also ask if Plaintiff was aware that Ms. Sanderson was having a sexual relationship with James Bierly's son. Plaintiff need not answer any part of these requests. These requests are not reasonably calculated to lead to admissible evidence. Even though any decision regarding the admissibility of Ms. Sanderson's sexual history is for the trial court to determine, the undersigned surmises that the intimate, personal details of an individual who is not a party to the suit would likely not be admissible at trial. Furthermore, the request asks for Plaintiff to admit his knowledge of unproven allegations. It has not been established that Ms. Sanderson was having sexual relationships with other men during the time that she was involved with Plaintiff, nor is it the subject of Plaintiff's Complaint. Even if it were proven that Ms. Sanderson was involved with other people at the same time as Plaintiff, it does not appear relevant to false arrest, malicious prosecution, various torts, or retaliation.

**Request No. 5.**   Defendants ask Plaintiff to admit that he became jealous of Kristin Sanderson's relationships with other men. The protective order is granted as to this request and Plaintiff is not required to answer because the request is based on undefined and unproven relationships with other men, and an allegation of jealousy is too vague to appear relevant to any claim or defense.

**Request No. 6.**   This request asks Plaintiff to admit that Ms. Sanderson was the first woman with whom he had a sexual relationship.   Plaintiff need not respond to Request No. 6 at all because his prior sexual history is not relevant to the claims and defenses in this case. Additionally, the Court concludes that good cause exists to limit discovery on an individual's sexual history.

Plaintiff has also moved this Court for a protective order regarding the sexual history of Ms. Sanderson and any other witnesses.   Defendants argue that Plaintiff does not have standing to invoke a court ruling on another's behalf.   The Court will reserve judgment on this issue because at this time the Court is not aware that the parties have noticed Ms. Sanderson's deposition. Should either party intend to depose Ms. Sanderson, the Court urges the parties to consider the intent of Fed. R. of Evid. 412.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE