IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID LUGINBUHL,

    Plaintiff,

vs.                                            Case No. 1: 12-cv-1199 KJG/RHS

CITY OF GALLUP; ROBERT H. CRON, JR.;
JOHN STEW ALLEN; ROSANNE MORRISETTE;
JOHN DOES 1-3; ELEVENTH JUDICIAL DISTRICT
ATTORNEY'S OFFICE, DIVISION II; KARL R. GILLSON;
JAMES E. BIERLY; and JOHN DOES 4-5m,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO RECONSIDER, AND AMENDING PROTECTIVE ORDER**

THIS MATTER comes before the Court on Defendants City of Gallup, Robert H. Cron, Jr., John Stew Allen, and Rosanne Morrissette's Motion to Reconsider Order Granting in Part and Denying in Part Plaintiff's Motion for Protective Order to Prevent Discovery of His Sexual History or the Sexual History of Any Witnesses (Doc. 69). In the Court's Order (Doc. 68), the Court recited that it had considered Plaintiff's Motion for Protective Order (Doc. 51), the Response from District Attorney Defendants Karl R. Gillson, Glen Bierly as Personal Representative of the Estate of James E. Bierly, and Eleventh Judicial District Attorney's Office Response to Plaintiff's Motion for Protective Order (Doc. 55); and Plaintiff's Reply (Doc. 61). The Court inadvertently failed to mention its review of the Response from Police Defendants City of Gallup, Robert H. Cron, Jr., John Stew Allen, and Rosanne Morrissette (Doc. 54).

Plaintiff's Motion for Protective Order addressed specific discovery requests propounded by the District Attorney Defendants and the Court's Order in turn addressed those specific discovery requests. The Police Defendants, in their response (Doc. 54) to Plaintiff's Motion for Protective Order, raised more general issues without stating whether the issues are connected to

specific written discovery or anticipated deposition questions.  Those general issues are addressed here as a supplement to the Court's previous order.

**Conditions of Release Violations:**  Police Defendants contend that Plaintiff's termination from the Police Department was justified because Plaintiff violated the Code of Conduct by disobeying the McKinley County Magistrate Court Order Setting Conditions of Release (Doc. 54-4).  The Magistrate Court Order mandates that Plaintiff "avoid all contact with the alleged victim or anyone who may testify in this case" (Doc. 54-4).  Police Defendants seek discovery that will prove Plaintiff violated the Magistrate Court's order by contacting the alleged victim, Ms. Sanderson.  Consistent with the Court's previous Order regarding Interrogatory No. 18, Defendants may ask questions to determine whether Plaintiff had contact with the alleged victim, but Defendants may not ask questions specific to sexual activities between Plaintiff and Ms. Sanderson.  Police Defendants may ask questions regarding texting, in-person meetings, dinner together, and conversations that the two may have had, which, if true, are sufficient pieces of evidence for the defense that Plaintiff violated the Magistrate Court's Conditions of Release without bringing private sexual activity into the trial process.

**Facebook Posts:** Police Defendants have produced a Facebook exchange between Plaintiff and Defendant Morrissette in which Plaintiff accuses Ms. Sanderson of infidelity (Doc. 54-5).  Plaintiff has admitted to sending the message, so its authorship is not in dispute.  Police Defendants contend that "Ms. Sanderson's sexual history is relevant to Plaintiff's state of mind on the date of his arrest" (Doc. 54 at 6) and that Defendant Morrissette "should at least be able to inquire into the incident described in the Facebook message so that Plaintiff later cannot attempt to explain that Sanderson's unfaithfulness was not the reason for the message" (Doc. 69 at 4). Neither of these arguments appear connected to any claim or defense in the case.  Given how well the document speaks for itself, despite creative spelling, it is unclear what follow-up question could

lead to likely admissible evidence for the defense. Consistent with the Court's previous Order regarding Request Nos. 2 and 3 and the rationale provide there, Plaintiff need not answer questions about Ms. Sanderson's sexual history.

**Ms. Sanderson's deposition:** Plaintiff requested that the Court prohibit Defendants from asking Ms. Sanderson about sexual conduct or sexual history. The Court previously reserved jurisdiction on this issue (Doc. 68 at 5) because the Court was not aware that either party noticed Ms. Sanderson's deposition. According to the Motion to Reconsider, her deposition is now scheduled for August 21, 2013. Defendants argued, without citation to any authority, that Plaintiff does not have standing to request a protective order on a witness' behalf. However, standing is not relevant to protective orders issued pursuant to Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression . . ." Ms. Sanderson is a person as mentioned in the Rule. Furthermore, if Defendants were allowed to ask Ms. Sanderson the same sexual conduct and sexual history questions which they are prohibited from asking Plaintiff, it would eviscerate the Court's Order with regard to protections granted to Plaintiff. Thus, the Court's previous Order (Doc. 68) plus this supplement apply equally to Ms. Sanderson as to Plaintiff.

Defendants City of Gallup, Robert H. Cron, Jr., John Stew Allen, and Rosanne Morrissette's Motion to Reconsider Order Granting in Part and Denying in Part Plaintiff's Motion for Protective Order to Prevent Discovery of His Sexual History or the Sexual History of Any Witnesses (Doc. 69) is GRANTED to the extent that the Court has amended its previous Order and DENIED to the extent that Defendants sought a different result.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE