IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DAVID LUGINBUHL,

       Plaintiff,

vs.                                       No. 1:12-CV-01199 KG/SMV

CITY OF GALLUP; ROBERT H. CRON, JR.;
JOHN STEW ALLEN; ROSANNE MORRISETTE;
JOHN DOES 1-3; ELEVENTH JUDICIAL DISTRICT
ATTORNEY'S OFFICE, DIVISION II; KARL L. GILLSON;
GLENN BIERLY, as Personal Representative of the Estate of
JAMES E. BIERLY; and JOHN DOES 4-5,

       Defendants.


MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS CLAIMS
AGAINST JAMES E. BIERLY

       This matter is before the Court on a Motion to Dismiss filed on September 19, 2013, by

Defendant Glenn Bierly, as personal representative of the Estate of James E. Bierly, ("Bierly").

(Doc. 81.)  Plaintiff David Luginbuhl filed a response on October 15, 2013 (Doc. 87), and Bierly

filed a reply on October 25, 2013 (Doc. 90).  Luginbuhl's claims against Bierly include 42

U.S.C. § 1983 claims for false arrest and malicious prosecution[1] and state claims for libel,

slander, and defamation of character.  Bierly contends that Luginbuhl has failed to state a claim

upon which relief can be granted based on abatement of the claims upon James Bierly's death,

---

[1] Bierly points out that Luginbuhl did not specify in the Complaint which constitutional right
Bierly allegedly violated by engaging in false arrest and malicious prosecution.  *Albright v.
Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the
specific constitutional right allegedly infringed.").  However, Bierly acknowledges that this
Court could construe Luginbuhl's Section 1983 claims as reliant on the Fourth Amendment to
the United States Constitution, which is what the Court will do.

failure to state a plausible claim for false arrest, and immunity from liability under the New Mexico Tort Claims Act ("NMTCA"). Bierly also argues, and Luginbuhl concedes, that punitive damages do not survive death, and claims for such damages should be dismissed. Based on a review of the briefing, the record, and applicable law, the Court will grant the motion to dismiss, dismissing with prejudice the libel, slander, Section 1983 malicious prosecution, and punitive damages claims and dismissing without prejudice the defamation of character and Section 1983 false arrest claims.

A. *Factual & Procedural Background as Alleged in the Complaint*[2]

During the times relevant to this case, Luginbuhl was a sworn law enforcement officer for the Gallup Police Department ("GPD"). James Bierly, now deceased, was the Chief Deputy District Attorney of the Eleventh Judicial District Attorney's Office, Division II, at all times relevant to this case. The other Defendants in this case include the City of Gallup; Robert H. Cron, Jr., Chief of the GPD; John Stew Allen, Deputy Chief of the GPD; Roseanne Morrissette, a sworn law enforcement officer for GPD; the Eleventh Judicial District Attorney's Office, Division II; and Karl R. Gillson, District Attorney for the Eleventh Judicial District Attorney's Office, Division II.

On May 17, 2011, Luginbuhl and Kristin Sanderson, then Luginbuhl's girlfriend and Assistant District Attorney with the Eleventh Judicial District Attorney's Office, Division II, engaged in a four-minute-long verbal argument in Sanderson's home over the lunch hour. After the argument, Sanderson returned to her office, then participated in court hearings, and again returned to her office. Upon her return, Sanderson confided in James Bierly, whom she

---

[2] The Court discusses only those allegations relevant to the present motion to dismiss.

considered a friend, about her disagreement with Luginbuhl. Bierly instructed Sanderson to call Luginbuhl, and he listened in on their conversation. Based on what he was told by Sanderson and what he heard on the telephone, Bierly then arranged a meeting with Gillson; Sanderson; Richard Malone, Investigator for the District Attorney's Office; and himself. As a result of the meeting, Gillson and Bierly ordered Malone to accompany Sanderson home, over Sanderson's objection. Malone then contacted Morrissette about arranging an escort for Sanderson. Morrissette and Officer Norman Bowman drove to Sanderson's home to serve as escorts.

While Sanderson was on her way home, Luginbuhl was on his way to see a friend who lived near Sanderson's home. Morrissette and Bowman were outside of Sanderson's home when Luginbuhl walked by. There are no sidewalks by Sanderson's home. Bowman ordered Luginbuhl to stay by Bowman's police unit. When Luginbuhl asked whether he could leave, Morrissette stated that he could not. Luginbuhl was forced to stand by Bowman's vehicle for several hours, during which time he was questioned by various GPD personnel. None of the GPD personnel spoke with the friend Luginbuhl had been en route to meet to confirm Luginbuhl's story. Morrissette contacted Sergeant Bennie Gaona, acting supervisor, for guidance on the detention. Gaona, based on representations made to him by James Bierly, decided to arrest Luginbuhl for assault and property damage. Bowman performed the arrest. At all times, Sanderson maintained that she was not in fear of imminent harm by Luginbuhl, and she objected to Luginbuhl's detention and arrest.

Morrissette contacted James Bierly for his assistance in preparing the criminal complaint. Bierly met with Morrissette, and he prepared the criminal complaint and probable cause statement for Morrissette's signature. Gillson instructed Bierly to include the felony charge of "extortion" in the criminal complaint. Morrissette charged Luginbuhl with the following crimes:

felony extortion and the misdemeanors of attempted false imprisonment, assault against a household member, criminal damage to property, and criminal trespass.

At his arraignment hearing on May 18, 2011, the court set a $5,000 cash-only bond, which Luginbuhl was forced to pay in order to be released from jail. That same day, Cron placed Luginbuhl on administrative leave. On or about May 18, 2011, James Bierly contacted third parties, including the *Gallup Herald* and the *Gallup Independent*. Both newspapers prominently featured Luginbuhl's arrest and included Luginbuhl's mugshot. Gillson transferred the case to the Eleventh Judicial District Attorney's Office, District I, in Farmington, New Mexico. The GPD terminated Luginbuhl's employment on June 8, 2011. On November 11, 2011, the Farmington District Attorney's Office filed a *Nolle Prosequi*, effectively dismissing all charges against Luginbuhl.

*B. Standard of Review*

A court, in accordance with Fed. R. Civ. P. 12(b)(6), may dismiss a complaint for "failure to state a claim upon which relief can be granted." To decide a Rule 12(b)(6) motion to dismiss, courts are restricted to considering the contents—or four corners—of the complaint and any "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (quotations omitted).

Courts must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a

formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[N]aked assertions devoid of further factual enhancement" are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). While a complaint does not need to include detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555. In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal quotations omitted). Courts must draw on their "judicial experience and common sense" to assess a claim's plausibility. *Id.* at 679.

*C. Discussion*

*1. Abatement*

Bierly argues that all claims against James Bierly's estate must be dismissed because they abated by operation of law upon his death. NMSA 1978, § 37-2-4 (Repl. Pamp. 1990), governs the abatement upon death of both state claims and Section 1983 claims. *Robertson v. Wegmann*, 436 U.S. 584, 588 (1978) (instructing that for Section 1983 claims, courts must "turn to the common law, as modified and changed by the constitution and statutes of the forum State, as long as these are not inconsistent with the Constitution and laws of the United States."). Section 37-2-4 provides as follows:

> No action pending in any court shall abate by the death of either, or both, the parties thereto, except an action for *libel, slander, malicious prosecution*, assault or assault and battery, for a nuisance or against a justice of the peace [magistrate] for misconduct in office, which shall abate by the death of the defendant.

(Emphasis added).

Bierly contends that the plain language of the statute requires the Court to dismiss Luginbuhl's state court claims for libel, slander, and defamation of character. Because Section 37-2-4 abates the state libel and slander claims under the plain language of the statute, the Court dismisses the libel and slander claims against Bierly with prejudice.

Despite Bierly's argument that the plain language of Section 37-2-4 requires abatement of the defamation of character claim as well, the Court notes that this statute does not exempt defamation of character claims from its prohibition against abatement upon death. Bierly has provided no legal authority for the proposition that defamation of character claims abate upon death under New Mexico law. Therefore, the Court declines to dismiss the defamation of character claim against Bierly on abatement grounds.

Bierly cites *Pietrowski v. Town of Dibble*, 134 F.3d 1006 (10th Cir. 1998), for the proposition that Luginbuhl's Section 1983 malicious prosecution claim and false arrest claim, although not listed in the state abatement statute, also abated upon James Bierly's death. Bierly notes that the court in *Pietrowski* specifically found that an Oklahoma statute similar to NMSA § 37-2-4, which provided abatement upon death for claims of libel, slander, and malicious prosecution, was not inconsistent with federal law. *Id.* at 1008. Bierly further points to the court's finding that abating Section 1983 malicious prosecution claims "does not adversely affect § 1983's policy of preventing official illegality, as it is unreasonable to assume that a defendant's conduct will be influenced by the possibility he or she may die before litigation is resolved." *Id.*

Bierly asks this Court to extend this reasoning in *Pietrowski* to dismiss the false arrest claim as well.

Luginbuhl presents a confusing argument about Bierly conflating false arrest and malicious prosecution claims under state law with those under federal law. The Court finds no merit in Luginbuhl's argument. In addition, Luginbuhl fails to distinguish the United States Supreme Court clear authority that state abatement laws apply to Section 1983 claims when they are not inconsistent with federal law. *Robertson*, 436 U.S. at 588.

The Court thus dismisses the Section 1983 malicious prosecution claim against Bierly with prejudice in the presence of the Tenth Circuit's treatment of a similar Oklahoma statute in *Pietrowski*. 134 F.3d at 1008-09. The Tenth Circuit in *Pietrowski*, however, did not contemplate abatement of a claim like false arrest, which the statute did not exempt. Likewise, the New Mexico statute also prohibits abatement except in limited circumstances, which do not include false arrest claims. Bierly has provided no legal support for the proposition that claims other than those enumerated in the statute may be excluded from the abatement prohibition. Therefore, the Court also declines to dismiss the Section 1983 false arrest claim on abatement grounds.

### 2. Failure to State a False Arrest Claim

Bierly also argues that Luginbuhl's Section 1983 false arrest claim against him should be dismissed on the basis that Luginbuhl has failed to state a plausible claim for relief. Specifically, Bierly contends that only the following allegation in the Complaint deals with the false arrest claim against James Bierly's estate: "Sgt. Gaona, based on representations made by Defendant Bierly, decided to arrest Officer Luginbuhl for assault and property damage." (Doc. 1) ¶ 87. Bierly emphasizes that Gaona made the decision to arrest.

Luginbuhl counters that, despite the allegation in the Complaint, Bierly is not absolved of liability for the arrest by virtue of James Bierly's position as Chief Deputy District Attorney. He contends that James Bierly, as Chief Deputy District Attorney, "substantially influenced both the investigation and charging decisions . . . providing witness accounts to the officers while simultaneously influencing their actions, and of primary concern, their charging decision." (Doc. 87) at 7.

The Court finds that Luginbuhl has failed to state a plausible false arrest claim against Bierly. *See Iqbal*, 556 U.S. at 678. In addition to the allegation that James Bierly made representations to Gaona that led Gaona to decide to arrest Luginbuhl, Luginbuhl alleges that Bierly "ordered Ms. Sanderson to call Officer Luginbuhl on her mobile phone while he listened in on the conversation." (Doc. 1) ¶ 63. However, Luginbuhl does not specify in the Complaint what Bierly heard on the telephone or what representations Bierly made to Gaona. Luginbuhl has failed to plead sufficient factual content that would demonstrate more than a "sheer possibility" that Bierly acted unlawfully and would allow the Court to draw the reasonable inference that Bierly is liable for false arrest. *See Iqbal*, 556 U.S. at 678. Therefore, the Court dismisses the false arrest claim against Bierly without prejudice.

### 3. Defamation of Character Claim

Bierly further argues that he is immune from liability for the defamation of character claim under the NMTCA. However, the Court does not address the NMTCA arguments because Luginbuhl has failed to state a plausible defamation of character claim that can survive the Rule 12(b)(6) dismissal standard. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (permitting *sua sponte* Fed. R. Civ. P. 12(b)(6) dismissals).

In addition to the allegations outlined in the factual and procedural background, which the Court accepted from the Complaint's Facts section, Luginbuhl makes additional assertions under Count III: Libel, Slander, Defamation of Character. He contends that Bierly published communications that "contained false statements of fact concerning Officer Luginbuhl's reputation that were intended to be defamatory." (Doc. 1) at 19. Luginbuhl also alleges that Bierly

> published communications to third parties that were harmful to Officer Luginbuhl's reputation in one or more of the following ways:
> a. By suggesting that he was physically harming his girlfriend or would harm his girlfriend;
> b. By misrepresenting (either internally, publicly, or both) that Officer Luginbuhl was dangerous or unstable;
> c. By contacting the media to alert them of Officer Luginbuhl's arrest;
> d. By unreasonably informing GPD that Officer Luginbuhl was dangerous for the purpose of coercing GPD to arrest him; and
> e. By altering GPD's original charges of assault and property damage to include the felony charge of extortion and misdemeanors of attempted false imprisonment, and criminal trespass.

(*Id.*)

In New Mexico, a *prima facie* showing of defamation requires the following elements: "(i) a published communication by the defendant; (ii) the communication includes an asserted statement of fact; (iii) the communication was defamatory; (iv) the statement of fact is false; (v) the communication was defamatory; (vii) the defendant knew the communication was false or negligently failed to recognize that it was false, or acted with malice; (viii) the communication caused actual injury to the plaintiff's reputation; and (ix) the defendant abused its privilege to publish the communication." *Heyward v. Credit Union Times*, 913 F. Supp. 2d 1165, 1185 (D.N.M. 2012) (citing UJI 13-1002(B) NMRA 2015).

Luginbuhl has failed to make other than conclusory allegations of false statements or to specify to whom the communications were published. The factual allegations are not sufficient

to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Therefore, Luginbuhl has not alleged a plausible *prima facie* case of defamation of character, and the Court dismisses the claim without prejudice.

*D. Conclusion*

Based on the foregoing, the Court grants Bierly's Motion to Dismiss. The Court dismisses with prejudice Luginbuhl's claims against Bierly for libel, slander, defamation of character, Section 1983 malicious prosecution, and punitive damages. The Court dismisses without prejudice Luginbuhl's claims for Section 1983 false arrest and defamation of character. Bierly is terminated as a Defendant in this case.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE